**FILED**
**U.S. District Court**
**District of Kansas**
07/06/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

PIERRE QUARAN HAMILTON,

                Petitioner,

    v.                                 CASE NO. 26-3214-JWL

STATE OF KANSAS,

                Respondent.

## MEMORANDUM AND ORDER

On July 6, 2026, Petitioner and state prisoner Pierre Quaran Hamilton, who is currently incarcerated at Lansing Correctional Facility in Lansing, Kansas, filed the petition for writ of mandamus that began this case. (Doc. 1.) He neither filed a motion to proceed without prepayment of fees nor paid the statutorily required filing fee.

Petitioner is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g) because court records fully establish that he "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1] Accordingly, Petitioner may proceed without prepayment of fees only if he establishes that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g) (establishing rules for person with three strikes to "bring a civil action under this section"); *see also Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996) ("[P]etitions for a writ of mandamus are included within the

---

[1] *See Hamilton v. Unified Govt. of Kansas City, Kan., et al.*, Case No. 25-3125-JWL (D. Kan. Sept. 24, 2025) (dismissed for failure to state a claim); *Hamilton v. Wyandotte Cnty. Dist. Ct., et al.*, Case No. 25-3115-JWL (D. Kan. June 18, 2025) (dismissed as repetitive and frivolous); *Hamilton v. Wyandotte Cnty. Dist. Ct., et al*, Case No. 25-3098-JWL (D. Kan. June 17, 2025) (dismissed for failure to state a claim).

meaning of the term 'civil action' as used in § 1915").

The Court has examined the petition filed in this matter and finds no showing that Petitioner is under imminent danger of serious physical injury. Rather, Petitioner asks this Court to order the Kansas Supreme Court to take certain actions related to his state-court proceedings.[2]  Accordingly, pursuant to § 1915(g), Petitioner may not proceed in forma pauperis in this civil action. He is given time to pay the full $405.00[3] district court filing fee to the Court. If he fails to pay the full fee within the prescribed time, this matter will be dismissed without further prior notice to Petitioner based upon his failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

**IT IS THEREFORE ORDERED** that Petitioner is granted until and including August 7, 2026 in which to pay the $405.00 filing fee. If he fails to do so, this matter will be dismissed without prejudice and without further prior notice to Petitioner.

**IT IS SO ORDERED.**

DATED:   This 6th day of July, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

---

[2]  The Court notes that such relief is unavailable via a writ of mandamus filed in this Court. The Tenth Circuit has held that federal courts "'have no authority to issue such a writ [of mandamus] to direct state courts or their judicial officers in the performance of their duties.'" *Knox v. Bland*, 632 F.3d 1290 (10th Cir. 2011) (quoting *VanSickle v. Holloway*, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986) (internal quotation marks omitted)).

[3]  If a person is not granted leave to proceed under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. 1914(a) and a $55.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.